G I SURPLUS STORE, INC., A CORPORATION; MECKLENBURG SURPLUS COMPANY, A CORPORATION; CLARK'S CHARLOTTE, INC., A CORPORATION; AND ATLANTIC MILLS OF N. C., INC., A CORPORATION; ON BEHALF OF THEMSELVES AND SUCH OTHER PERSONS, FIRMS AND CORPORATIONS AS ARE SIMILARLY AFFECTED BY NORTH CAROLINA GENERAL STATUTE #14-346.2, PLAINTIFFS v. J. CLYDE HUNTER, SHERIFF OF MECKLENBURG COUNTY; JOHN HORD, CHIEF, CHARLOTTE POLICE DEPARTMENT; AND G. A. STEPHENS, CHIEF, MECKLENBURG COUNTY RURAL POLICE DEPARTMENT, DEFENDANTS.

(Filed 23 May 1962.)

**1. Constitutional Law §§ 24, 30—**

The term "law of the land" as used in Art. I, § 17, of the Constitution of North Carolina, is synonymous with "due process of law" as used in the Fourteenth Amendment to the Federal Constitution.

**2. Constitutional Law § 11—**

A statute enacted in the exercise of the police power to protect or promote the health, morals, safety or general welfare of the public must have a rational, real, or substantial relation to the accomplishment of

such purpose, and arbitrary or unnecessary restrictions upon lawful activities do not come within the police power.

**3. Constitutional Law § 14—**

The General Assembly, in the exercise of the police power, has the authority to enact, or to confer upon municipal corporations the power to enact, regulations proscribing all secular activities on Sunday and to prescribe exceptions thereto, provided the execptions are not arbitrary, unreasonable, and discriminatory.

**4. Appeal and Error § 1—**

The Supreme Court, in passing upon the constitutionality of a statute, will consider only the grounds specifically brought into focus by the parties.

**5. Constitutional Law § 30; Criminal Law § 1—**

A statute creating a criminal offense must be sufficiently explicit to inform a person of ordinary intelligence with reasonable precision of what acts are proscribed.

**6. Same; Constitutional Law §§ 12, 14—**

G.S. 14-356.2 proscribes the sale or offering for sale on Sunday only those articles falling within specified categories, with exceptions from the specified categories of "novelties, toys, souvenirs, and articles necessary for making repairs and performing services," without guides or standards for determining under what circumstances articles within the specified categories should be considered novelties, toys, or souvenirs and without defining the nature of the repairs or the character of the services which should come within the exceptions, and therefore the statute is unconstitutionally vague, uncertain, and indefinite.

**7. Same; Statutes § 4—**

Where a statute prohibits the sale or offering for sale of merchandise within certain categories, with exceptions referring to merchandise within the same categories, and the exceptive provisions are so vague as to be void, the prohibitory provisions cannot be upheld as a valid part of the statute, since the prohibitory and exceptive provisions are interrelated and inseparable parts of the same act.

**8. Constitutional Law § 4; Injunctions § 5—**

While injunction does not ordinarily lie to restrain the enforcement of a statute, the remedy will lie to prevent the denial of fundamental property or personal rights in violation of constitutional guarantees.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Pless, J.,* November 7, 1961 Term of MECKLENBURG.

This is a class action, instituted by the four named plaintiffs in behalf of themselves and all others similarly situated, to restrain defendants, the chief law enforcement officers of Charlotte and of Meck-

lenburg County, North Carolina, from making arrests for alleged violations of Chapter 1156, Session Laws of 1961, which provides:

"AN ACT TO PROHIBIT CERTAIN BUSINESS ACTIVITIES ON SUNDAY.

"*The General Assembly of North Carolina do enact:*

"Section 1. Article 44 of Chapter 14 of the General Statutes is amended by adding a new Section immediately following G.S. 14-346.1, to be designated as G.S. 14-346.2, and to read as follows:

" 'G.S. 14-346.2. Any person, firm or corporation who engages on Sunday in the business of selling, or sells or offers for sale, on such day, at retail, clothing and wearing apparel, clothing accessories, furniture, housewares, home, business or office furnishings, household, business or office appliances, hardware, tools, paints, building and lumber supply materials, jewelry, silverware, watches, clocks, luggage, musical instruments and recordings, excluding novelties, toys, souvenirs, and articles necessary for making repairs and performing services, shall, upon conviction thereof be fined or imprisoned in the discretion of the court.

" 'Each separate sale or offer to sell shall constitute a separate offense.'

"Sec. 1.5. The governing board of any incorporated city or town may, by resolution, exempt said city or town from the operation of this Act. The county commissioners in any county by resolution may exempt all or any portions of the unincorporated area of the county from the operation of this Act.

"Sec. 2. All laws and clauses of laws in conflict with this Act are hereby repealed.

"Sec. 3. This Act shall become effective October 1, 1961.

"In the General Assembly read three times and ratified, this the 22nd day of June, 1961."

Each of the four named plaintiffs (a) is a North Carolina corporation; (b) engages in retail and wholesale merchandising business; (c) has a store and place of business in Charlotte; (d) engages in its said business on Sunday and sells on Sunday the articles of merchandise referred to in said statute; (e) derives from its sales each Sunday "a substantial dollar volume of business."

The governing body of the City of Charlotte has taken no action to exempt said City from the operation of said statute; and the County Commissioners of Mecklenburg County have taken no action to exempt the unincorporated area of the County, or any part thereof, from the operation of said statute.

Plaintiffs, for reasons considered in the opinion, alleged the said statute is unconstitutional and therefore void; that they have no adequate remedy at law; and that, unless defendants are restrained, they will suffer irreparable damage and injury by a multiplicity of arrests and criminal prosecutions.

When the cause came on for hearing as to whether a temporary restraining order theretofore issued should be continued in effect until a final hearing, defendants demurred to the complaint on the ground the statute is valid and therefore the complaint did not allege facts sufficient to constitute a cause of action.

After hearing, the court was of the opinion and held (a) "(t)hat the unconstitutionality of the Statute has not been shown beyond a reasonable doubt, and the demurrer is hereby sustained," and (b) "(t)hat the equitable arm of the Court should not be used to restrain its enforcement." Thereupon, judgment dissolving the temporary restraining order, dismissing the action and taxing plaintiffs with the costs, was entered. However, the court, stating that "(u)nless the temporary order is continued in effect until the case can be determined by the Supreme Court of North Carolina, it would impose upon the defendants a substantial burden in innumerable prosecutions, result in a substantial addition to the criminal docket, and . . . entail considerable expense to the plaintiffs," was of the opinion "that this is a case in which G.S. 1-500 should apply," and permitted the temporary restraining order to remain in full force and effect pending determination of plaintiffs' appeal to the Supreme Court on condition that plaintiffs give bond.

Plaintiffs gave bond as required, excepted to the judgment and appealed therefrom.

*Boyle, Alexander & Wade and Cannon & Wolfe for plaintiffs, appellants.*

*John T. Morrisey, Jr., Dockery, Ruff, Perry, Bond & Cobb and G. H. Warlick for defendants, appellees.*

BOBBITT, J.   Plaintiffs assert, as their sole ground of attack, that the 1961 Act is "unconstitutionally vague, uncertain and indefinite, in violation of Article I, Section 17, of the North Carolina Constitution and the due process clause of the Fourteenth Amendment to the Federal Constitution."

The term, "law of the land," as used in the cited provision of the North Carolina Constitution, is synonymous with "due process of law," as used in the cited provision of the Federal Constitution. *S. v.*

*Ballance,* 229 N.C. 764, 769, 51 S.E. 2d 731, 7 A.L.R. 2d 407, and cases cited; *S. v. Parrish,* 254 N.C. 301, 303, 118 S.E. 2d 786.

Before considering the ground of attack drawn into focus by plaintiffs' pleading and brief, it seems appropriate to advert to certain well-established principles of constitutional law.

"Undoubtedly, the State possesses the police power in its capacity as a sovereign, and in the exercise thereof, the Legislature may enact laws, within constitutional limits, to protect or promote the health, morals, order, safety, and general welfare of society." *S. v. Ballance, supra,* and cases cited. However, "(a)rbitrary interference with private business and unnecessary restrictions upon lawful occupations are not within the police powers of the State." *S. v. Warren,* 252 N.C. 690, 693, 114 S.E. 2d 660, and cases cited. "If a statute is to be sustained as a legitimate exercise of the police power, it must have a rational, real, or substantial relation to the public health, morals, order, or safety, or the general welfare." *S. v. Ballance, supra; Roller v. Allen,* 245 N.C. 516, 96 S.E. 2d 851, and cases cited; *S. v. Brown,* 250 N.C. 54, 108 S.E. 2d 74, and cases cited; *S. v. Williams,* 253 N.C. 337, 117 S.E. 2d 444.

Municipal ordinances, enacted in the exercise of legislative power conferred by the General Assembly, "prohibiting the pursuit of *all occupations generally* on Sunday, except those of necessity or charity, have been uniformly held constitutional in this jurisdiction." (Our italics) *S. v. McGee,* 237 N.C. 633, 638, 75 S.E. 2d 783, and cases cited. The ordinance considered in *S. v. McGee, supra,* similar to those considered in prior cases, provided "(i)t shall be unlawful to conduct, operate or engage in, or carry on within the City of Charlotte on the Sabbath Day, called 'Sunday,' *any* business," (Our italics) with exceptions thereafter set forth; and it was held that the exceptions were not arbitrary, unreasonable or discriminatory.

The provisions of the 1961 Act, now G.S. 14-346.2, proscribe, when engaged in on Sunday, conduct which, at all other times, is lawful. The purpose of the 1961 Act, according to the caption, is "to prohibit *certain business activities* on Sunday." (Our italics) To effectuate its declared purpose, the 1961 Act provides that any person, firm or corporation who, on Sunday, engages in the business of selling or who sells or offers for sale, at retail, any articles of merchandise included within the specified categories, except novelties, toys, souvenirs, and articles necessary for making repairs and performing services, "shall, upon conviction thereof be fined or imprisoned in the discretion of the court." It provides further that "(e)ach separate sale or offer to sell shall constitute a separate offense."

Unlike ordinances and statutes such as the ordinance considered in

*S. v. McGee, supra,* the 1961 Act imposes no general ban on business activities on Sunday but applies solely to "certain business activities," to wit, the sale and the offering for sale, *at retail,* of merchandise within the specified categories. The sale, *at wholesale,* of merchandise within the specified categories is not proscribed. Nor does the statute affect in any manner the selling or offering for sale of merchandise or other property not included in the specified categories.

Questions suggested by a consideration of the 1961 Act, but not raised by plaintiffs, include the following: Is the classification of the articles that may *not* be lawfully sold or offered for sale on Sunday arbitrary, unreasonable or discriminatory? Does the 1961 Act manifest a legislative determination that the acts proscribed thereby are inimical to the public health, morals, order, safety or general welfare, when authority is granted to local governing bodies to exempt from its provisions areas subject to their authority? Since it *regulates trade,* is the 1961 Act a general law within the meaning of Article II, Section 29, of the Constitution of North Carolina, *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888, when local governing bodies are authorized in effect to repeal it with reference to areas subject to their authority?

We do not pass upon any of the questions posed in the preceding paragraph. The only question for decision on this appeal is whether the 1961 Act is unconstitutional and void on the ground on which plaintiffs attack it. *Hudson v. R. R.,* 242 N.C. 650, 667, 89 S.E. 2d 441.

In *Connally v. General Construction Co.,* 269 U.S. 385, 46 S. Ct. 126, 70 L. Ed. 322, the applicable rule is stated by *Mr. Justice Sutherland* as follows: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

". . . the terms of a criminal statute must be sufficiently explicit to inform those subject to it what acts it is their duty to avoid or what conduct on their part will render them liable to its penalties, and no one may be required, at the peril of life, liberty, or property to guess at, or speculate as to, the meaning of a penal statute." 22 C.J.S., Criminal Law § 24(2) (a); 16A C.J.S., Constitutional Law § 580; 14 Am. Jur., Criminal Law § 19; Wharton's Criminal Law and Procedure, Vol. 1, § 18; *S. v. Hales,* 256 N.C. 27, 122 S.E. 2d 768, and cases cited therein. True, reasonable certainty is sufficient; and this Court in

*S. v. Hales, supra,* held the provisions of the statute then under consideration sufficiently definite to inform "a person of ordinary intelligence with reasonable precision of the acts it prohibits."

A statute, enacted in Missouri and also in Kansas, after declaring "(e)very person who shall expose to sale any goods, wares or merchandise, . . . on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars," provided it "shall not be construed to prevent the sale of any drugs or medicines, provisions or *other articles of immediate necessity.*" (Our italics)

In *S. v. Katz Drug Company* (Mo. 1961), 352 S.W. 2d 678, the court held the State's evidence made a case for the jury; that certain of the articles sold by the defendant did not come within the exemption of "articles of immediate necessity"; that, while no comprehensive general definition of "articles of immediate necessity" was given, "articles *immediately necessary* to carry on work of *necessity* would surely be included"; (Our italics) and that, when so construed, the statute was not unconstitutional and void on the ground of vagueness and uncertainty.

In *S. v. Hill* (Kan. 1962), 369 P. 2d 365, the court said: "But the phrase 'or other articles of immediate necessity' has no objective meaning. There is no common, generally-understood meaning to this all-embracing term. It becomes meaningful only when applied to a specific article purchased under varying circumstances, which leaves open the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can adequately guard against. It could mean a variety of things to many different people. What may be an article of immediate necessity for one person to purchase on Sunday may be completely immaterial and even unwanted by another. Thus, whether an article is of immediate necessity depends solely upon the subjective judgment of one person based upon that of another. The phrase is so general and indefinite as to embrace not only acts properly and legally punishable, but those which are lawful and not punishable." It was held that the statute was "so vague, indefinite and uncertain that it fails to inform men of common intelligence what conduct on their part will render them liable to its penalties; that they must guess at its meaning and differ as to its application, and that it provides no reasonable definite standard of guilt which apprises them of the nature and cause of the accusation against them in violation of section ten of the bill of rights of the constitution of Kansas, and the fourteenth amendment to the constitution of the United States which provides that no state shall deprive any person of life, liberty or property without the due process of law."

In *McGowan v. Maryland* (1961), 366 U.S. 420, 6 L. Ed. 2d 393, 81 S. Ct. 1101, cited by defendant, the Supreme Court of the United States considered a Maryland statute prohibiting, throughout the State, the Sunday sale of all merchandise, with exceptions set forth. While attacked primarily on other grounds, it was asserted that a statutory provision exempting the Sunday retail sale of "merchandise essential to, or customarily sold at, or incidental to, the operation of" bathing beaches, amusement parks, etc., in Anne Arundel County, was unconstitutionally vague. With reference thereto, *Mr. Chief Justice Warren* said: "We believe that business people of ordinary intelligence in the position of appellants' employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county. (Citation) Under these circumstances, there is no necessity to guess at the statute's meaning in order to determine what conduct it makes criminal. (Citation) Questions concerning proof that the items appellants sold were customarily sold at, or incidental to the operation of, a bathing beach or amusement park were not raised in the Maryland Court of Appeals, nor are they raised here. Thus, we cannot consider the matter. (Citation)"

Since the 1961 Act imposes no general ban on business activities or upon the sale or offering for sale of articles of property other than those in the specified categories, the exceptive provisions necessarily refer to articles within the specified categories. Under what circumstances may articles within the specified categories be considered novelties or toys or souvenirs? Under the exceptive provisions, articles of merchandise in the specified categories may be sold or offered for sale if and when necessary for making repairs and performing services. Obviously, "hardware, tools, paints, building and lumber supply materials" are necessary for use in making repairs. Too, they are necessary and in frequent use in the performance of services. Indeed, under particular circumstances, most, if not all, of the merchandise within the specified categories may be necessary for the performance of services. Neither the nature of the repairs to be made nor the character of the services to be rendered is defined. Nor is there any reference to the time when such repairs are to be made or services performed.

In our view, what is stated in *S. v. Hill, supra,* quoted above, is particularly applicable to our 1961 Act; and the conclusion reached is that its provisions are so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Hence, we are of opinion, and so decide, that, as contended by plaintiffs, the 1961 Act is unconstitutionally vague, uncertain and indefinite.

Defendants suggest, citing *S. v. Medlin*, 170 N.C. 682, 86 S.E. 597, that the exceptive provisions of the 1961 Act might be declared void, thus leaving the prohibitory provisions intact and in full force. Suffice to say, the prohibitory provisions and the exceptive provisions refer to the same articles of merchandise and are interrelated and inseparable parts of the 1961 Act.

Defendants cite *Carolina Amusement Co. v. Martin* (S.C. 1960), 115 S.E. 2d 273, and *Mandell v. Haddon* (Va. 1961), 121 S.E. 2d 516. We have read and considered, with interest and profit, the excellent opinions in these cases. However, the statutes considered and questions presented differ materially from our 1961 Act and the question presented with reference thereto on this appeal.

In view of the conclusion reached, we need not consider plaintiffs' further contention that the 1961 Act is "unconstitutionally vague, uncertain and indefinite," for the reason it fails, in terms, to declare the prohibited acts "unlawful," and fails, in terms, to specify whether a violation thereof is a misdemeanor or a felony.

"Undoubtedly, it is the well established general rule that the constitutionality of an Act cannot be challenged in a suit to enjoin its enforcement. (Citations) However, the exception to the rule is as well established as the rule itself. (Citation) An Act will be declared unconstitutional and its enforcement will be enjoined when it clearly appears either that property or fundamental human rights are denied in violation of constitutional guarantees. (Citations)" *Roller v. Allen, supra; Speedway, Inc. v. Clayton*, 247 N.C. 528, 101 S.E. 2d 406.

It is noted that Judge Pless, for the reasons stated in his order, continued the temporary restraining order in effect pending decision on this appeal; and that defendants now join with plaintiffs in asking that the Court now pass upon the constitutionality of the 1961 Act. Under the circumstances, this Court deems it appropriate to do so.

Having reached the conclusion that the 1961 Act is "unconstitutionally vague, uncertain and indefinite," the judgment of the court below, but not the order continuing the temporary restraining order in effect pending decision on this appeal, is reversed; and the cause is remanded for judgment in accordance with the law as stated herein.

Reversed and remanded.

Sharp, J., took no part in the consideration or decision of this case.