NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC.
v. DAVID T. GREER

No. 8110DC155

(Filed 6 October 1981)

**Insurance § 141; Quasi Contracts and Restitution § 5— insurance payment for loss by theft—restitution made by thief—unjust enrichment—recovery of payment by insurer.**

    Plaintiff insurer was entitled to recover from defendant insured under the theory of unjust enrichment the sum of $2500 which it paid to defendant pursuant to the terms of its contract insuring defendant against loss of a cow by theft where the thief paid defendant $7500 as restitution for the cow under the terms of a probation judgment, and plaintiff reported the value of the cow to be only $5000 in his claim filed with plaintiff.

APPEAL: by defendant from *Barnette, Judge.* Order entered 7 November 1980 in District Court, WAKE County. Heard in the Court of Appeals on 17 September 1981.

This is a civil action wherein plaintiff, insurer, seeks to recover from defendant, insured, $2,500 paid to defendant by plaintiff pursuant to the terms of its insurance contract insuring defendant against the loss of a cow by theft.

Both parties moved for summary judgment.

The pleadings, exhibits, and affidavits establish the following facts: On November 9, 1976, the plaintiff issued to the defendant an insurance policy covering cattle owned by the defendant. The policy contained a "Conditions" section, and "Condition 6" thereof stated that "no loss shall be paid hereunder if the insured has collected the same from others." On November 3, 1977 pursuant to the terms of its contract of insurance, plaintiff paid defendant $2,500 for the loss of his cow because of the theft of the cow by Henry Norman Stallings, who was indicted for and pleaded guilty of felonious larceny of the cow in Superior Court, Edgecombe County. The judgment sentencing Stallings to prison was suspended and he was placed on probation. One of the conditions of the suspended sentence was that he make restitution to the defendant for the theft of the cow in the amount of $7,500. Stallings, in compliance with the condition, paid $7,500 to the office of the Clerk of Superior Court, and on December 6, 1977 the payment was forwarded by the Clerk to the defendant. In his claim

filed with the plaintiff, defendant reported the value of his cow to be $5,000.

The court denied defendant's motion for summary judgment and allowed summary judgment for the plaintiff in the amount of $2,500. Defendant appealed.

*Broughton, Wilkins & Crampton, by Robert B. Broughton and H. Julian Philpott, Jr., for plaintiff appellee.*

*Hopkins & Allen, by G. P. Hopkins and Janice W. Davidson, for defendant appellant.*

HEDRICK, Judge.

There are no genuine issues of material fact. Thus, the one question to be resolved is whether the plaintiff or defendant is entitled to judgment as a matter of law on the undisputed facts.

We perceive plaintiff's complaint to state its claim against the defendant on two theories — (1) subrogation, and (2) unjust enrichment. Defendant, in his brief, argues persuasively against the propriety of summary judgment for plaintiff on the subrogation theory; however, his arguments, if such may be gleaned from his brief, against summary judgment for plaintiff on the theory of unjust enrichment are less persuasive.

Defendant suggests that plaintiff should have brought its action against Stallings, the wrongdoer. Such an action would be subject to the defense of payment. *See Travelers Insurance Co. v. Chalona,* 293 So. 2d 498 (La. App. 1974), and G.S. § 15A-1343(d) (Cum. Supp. 1979). As was said in *Fidelity Insurance Co. v. Atlantic Coast Line Railroad Co.,* 165 N.C. 136, 141, 80 S.E. 1069, 1072 (1914), where the insurer sought to recover from the "wrongdoer" money the insurer had paid to the insured, "It is well settled that the wrongdoer cannot be made to pay twice for the same property. When the insured obtains full satisfaction from the wrongdoer, he *must account to the insurer.*" (Emphasis added.) To the same effect, *see United States Fidelity & Guaranty Co. v. Reagan,* 256 N.C. 1, 9, 122 S.E. 2d 774, 780 (1961), where Justice Parker (later Chief Justice) wrote:

> It is a firmly established general rule that an insurer who has made a payment under an erroneous belief induced

by a mistake of fact that the terms of the insurance contract required such payment is entitled to restitution from the payee, provided the payment has not caused such a change in the position of the payee that it would be unjust to require a refund. The rule is bottomed on the equitable doctrine that an action will lie for the recovery of money received by one to whom it does not in good conscience belong, the law presuming a promise to pay. . . .

"An action to recover money paid under a mistake of fact is an action in assumpsit and is permitted on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment and is liable for money had and received." *Morgan v. Spruill,* 214 N.C. 255, 199 S.E. 17, 19.

The record establishes that to date defendant has been paid $10,000 for a $5,000 loss. Seven thousand five hundred dollars of this payment was made by the "wrongdoer." Clearly, if defendant is allowed to retain the $2,500 paid by the plaintiff, defendant will have been unjustly enriched in that amount at the expense of the plaintiff, and surely under the circumstances of this case the payment by the plaintiff has not caused such a change in the position of the payee that it would be unjust to require a refund. The fact that the payment by the insurance company was made before the defendant received $7,500 from Stallings is of no significance in determining whether defendant has been unjustly enriched at the expense of the plaintiff. The law as well as the contract of insurance, particularly Condition 6, presumes a promise upon the part of the defendant in this case to refund the $2,500. Summary judgment for plaintiff was proper.

Affirmed.

Judges HILL and WHICHARD concur.