BOBBY VESTAL LOWE AND BETTY F. LOWE v. SAMUEL INGHAM TARBLE
AND ARA SERVICES, INC.

No. 28PA84

(Filed 4 December 1984)

1. **Interest § 2; Judgments § 55; Insurance § 110.1— prejudgment interest—constitutional**

    The statute which allows prejudgment interest on claims covered by
liability insurance, G.S. 24-5, does not offend the Equal Protection Clause of
the Fourteenth Amendment to the United States Constitution nor Art. I, § 19
of the North Carolina Constitution.

2. **Interest § 2; Judgments § 55; Insurance § 110.1— prejudgment interest—statute not unconstitutionally vague**

    G.S. 24-5, which allows prejudgment interest when a claim is covered by
liability insurance, is not unconstitutionally vague or uncertain merely because
it must be interpreted and applied in light of particular facts in a given case.
There is nothing in the language of the statute which would preclude courts
from interpreting and administering the statute uniformly.

3. **Constitutional Law § 19; Judgments § 2; Insurance § 110.1— prejudgment interest—not a special emolument**

    Although G.S. 24-5 does favor certain classes of litigants by distinguishing
between defendants who carry liability insurance and those who do not, it is
not a special emolument or privilege within the meaning of Art. I, § 32 of the
North Carolina Constitution. The legislature could have reasonably concluded
that the distinction was a valid one and that the public welfare would be best
served by such a classification.

Justice MEYER dissenting.

Justices COPELAND and MITCHELL join in the dissent.

ON discretionary review prior to determination by the Court
of Appeals of the order entered by *Mills, J.,* on 20 September
1983 in RANDOLPH County Superior Court awarding plaintiffs prejudgment interest pursuant to N.C. Gen. Stat. § 24-5.

*Henson, Henson & Bayliss by Paul D. Coates, Perry C. Henson and Perry C. Henson, Jr., for defendant appellants.*

*Bailey, Sitton, Patterson & Bailey, P.A., by William L. Sitton, Jr., for plaintiff appellees.*

EXUM, Justice.

The question presented by this appeal is whether our pre-judgment interest statute, N.C. Gen. Stat. § 24-5, violates Article I, section 19 of the North Carolina Constitution, the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States, and the exclusive emoluments clause contained in Article I, section 32 of the North Carolina Constitution. We conclude the statute does not violate these constitutional provisions.

I.

The plaintiff, Bobby Vestal Lowe, was injured in an automobile accident on 4 May 1981 involving the defendant, Samuel Ingham Tarble. On 20 August 1982 plaintiff filed suit against Tarble. Plaintiff later amended his complaint to include an additional plaintiff, his wife, her claim for loss of consortium, and an additional defendant, ARA Services, Inc. On 2 September 1983, a jury returned a verdict awarding Bobby Vestal Lowe $85,500.00 for personal injuries and his wife Betty Lowe $1,000.00 for loss of consortium. Plaintiffs moved for prejudgment interest from the date of the filing of the complaint in accord with N.C. Gen. Stat. § 24-5. Defendants objected on the ground that the statute was unconstitutional and requested a hearing. Following a hearing on 19 September 1983 the court allowed plaintiffs' motion for prejudgment interest and entered judgment accordingly the following day.

N.C. Gen. Stat. § 24-5 provides in pertinent part as follows:

The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

## II.

[1]  Defendants first contend the statute violates the Law of the Land and Equal Protection Clauses of Article I, section 19 of the North Carolina Constitution and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Defendants' contentions regarding these federal and state constitutional provisions are answered by our decision in *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984), in which we hold that section 24-5 offends neither the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution nor Article I, section 19 of the North Carolina Constitution.

## III.

[2]  Defendants next argue that section 24-5 is unconstitutionally vague, uncertain and indefinite. Legislation must be definite and explicit enough reasonably to inform those who are the subject of the legislation what conduct on their part will render them liable under the statute. *Surplus Store, Inc. v. Hunter*, 257 N.C. 206, 125 S.E. 2d 764 (1962). Defendants contend that section 24-5 fails to meet that standard because it is not clear whether the phrase "claims covered by liability insurance" in the statute includes claims under uninsured motorist coverage, claims for which, despite policy violations by insureds, the insurance company must pay pursuant to the Financial Responsibility Act, N.C. Gen. Stat. § 20-309, *et seq.*, and claims which an insurance company defends under a reservation of rights. A statute, however, is not constitutionally suspect merely because it must be interpreted and applied in light of particular facts in a given case.

> [I]mpossible standards of statutory clarity are not required by the constitution. When the language of a statute . . . prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met. *United States v. Petrillo*, 332 U.S. 1 [1947].

*In re Burrus*, 275 N.C. 517, 531, 169 S.E. 2d 879, 888 (1969).

N.C. Gen. Stat. § 24-5 clearly states that where a claim "in actions other than contract" is covered by liability insurance, the portion of any money judgment designated as compensatory

damages shall bear interest from the time the action is instituted until the judgment is paid and satisfied. We see nothing in this language which would preclude courts from interpreting and administering this statute uniformly. We therefore find no merit in defendants' claim that section 24-5 is unconstitutionally vague or indefinite.

## IV.

[3] Finally, defendants object that section 24-5 grants "exclusive or separate emoluments or privileges" in violation of Article I, section 32 of the North Carolina Constitution which provides:

Exclusive Emoluments. No person or set of persons is entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services.

Defendants argue, in essence, that by assessing prejudgment interest only against those defendants covered by liability insurance, section 24-5 creates a special privilege or right in favor of plaintiffs who sue defendants covered by such insurance, and in favor of defendants who are not covered by liability insurance.

By distinguishing between defendants who carry liability insurance and those who do not, and assessing prejudgment interest only against the former, section 24-5 does favor certain classes of litigants.

Our case law, however, teaches that not every classification which favors a particular group of persons is an "exclusive or separate emolument or privilege" within the meaning of the constitutional prohibition. In *State v. Knight*, 269 N.C. 100, 152 S.E. 2d 179 (1967), this Court held that a statute exempting certain individuals from jury duty did not violate the constitutional prohibition against separate emoluments or privileges. There the Court said, *id.* at 107-08, 152 S.E. 2d at 183-84:

Obviously, this provision does not forbid all classifications of persons with reference to the imposition of legal duties and obligations.

. . . .

Therefore, the limitation . . . does not apply to an exemption from a duty imposed upon citizens generally if the

purpose of the exemption is the promotion of the general welfare, as distinguished from the benefit of the individual, and if there is a reasonable basis for the Legislature to conclude that the granting of the exemption would be in the public interest. Here, as in questions arising under the exercise of the police power pursuant to the requirement of due process of law, the principle to be applied is that declared by Moore, J., for the Court, in *State v. Warren*, 252 N.C. 690, 114 S.E. 2d 660 [1960], where it is said:

> 'The presumption is that an act passed by the Legislature is constitutional, and it must be so held by the courts unless it appears to be in conflict with some constitutional provision. [Citations omitted.] The legislative department is the judge, within reasonable limits, of what the public welfare requires, and the wisdom of its enactments is not the concern of the courts. As to whether an act is good or bad law, wise or unwise, is a question for the Legislature and not for the courts—it is a political question. The mere expediency of legislation is a matter for the Legislature, when it is acting entirely within constitutional limitations, but whether it is so acting is a matter for the courts. [Citations omitted.]'

In *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 439, 302 S.E. 2d 868, 879 (1983), we held that even if N.C. Gen. Stat. § 1-50 (5) (Replacement 1969) was interpreted to protect certain groups in the building industry (architects, engineers and contractors) from suit after six years from performance of their services while not affording such protection to other groups (materialmen, suppliers or manufacturers), the statute would not grant an unconstitutional exclusive emolument or privilege to the protected groups. We said:

> As we have already demonstrated, the classifications in G.S. 1-50(5) are based on what the legislature could reasonably determine were valid distinctions between the groups protected by the statute and those not protected. The legislature could reasonably adjudge that the public welfare would be best served by the classification it chose to make. Therefore, the classification does not create a special emolument or privilege within the meaning of the constitutional prohibition.

*Id.*

As we concluded in dealing with the appellants' equal protection arguments in *Powe v. Odell, supra,* the legislature could reasonably have concluded that the classification scheme established by section 24-5 would best serve to further important and legitimate public purposes, including compensation of a plaintiff for the loss-of-use value of a damage award, the prevention of unjust enrichment to liability insurers who are required by law to maintain claim reserves on which interest is earned, and the promotion of settlement by these insurers, who unlike self-insurers, have as their primary business the insuring, investigation, defense and settlement of claims. The legislature could have reasonably concluded that the distinction between defendants with liability insurance and those without was a valid one, and that the public welfare would be best served by such a classification. Therefore, N.C. Gen. Stat. § 24-5 does not create a special emolument or privilege within the meaning of Article I, section 32 of the North Carolina Constitution.

The judgment of the superior court is

Affirmed.

Justice MEYER dissenting.

I respectfully dissent for the reasons expressed in my dissent in *Powe v. Odell,* 312 N.C. 410, 322 S.E. 2d 762 (1984).

Justices COPELAND and MITCHELL join in this dissent.