RICKY ERVIN v. DAVID SPEECE

No. 8422SC34

(Filed 15 January 1985)

**Interest § 2; Judgments § 55; Insurance § 110.1— prejudgment interest — distinction between insured and uninsured judgment debtors — statute not unconstitutional**

G.S. 24-5, allowing interest on compensatory damages, does not violate the due process and equal protection clauses of the Constitution because it distinguishes between insured and uninsured judgment debtors.

Judge HEDRICK concurs in the result.

APPEAL by defendant from *Morgan, Judge.* Order entered 16 December 1983 in Superior Court, IREDELL County. Heard in the Court of Appeals 18 October 1984.

Plaintiff sued defendant for personal injuries allegedly sustained because of defendant's negligent operation of a pickup truck on 21 November 1982, and requested the recovery of both compensatory and punitive damages. Following a trial presided over by Judge DeRamus the jury found for the plaintiff and awarded plaintiff $7,515 in compensatory damages and $2,000 in punitive damages. Both parties' post-verdict motions were denied, and Judge DeRamus entered judgment on the verdict as follows:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff have and recover judgment against the defendant in the amount of $7,515.00 compensatory damages and $2,000.00 in punitive damages and that plaintiff recover interest on the above amount at the rate of 8 percent from December 21, 1982, the date of the filing of the Complaint in this matter.

Pursuant to the provisions of Rule 60 of the N.C. Rules of Civil Procedure, defendant then moved to set aside or modify that portion of the judgment allowing for the recovery of interest while the case was pending. This motion was heard by Judge Morgan, who denied it by order filed on 16 December 1983. Defendant's appeal is from that order.

*No brief filed for plaintiff appellee.*

*George C. Collie for defendant appellant.*

*Sumrell, Sugg & Carmichael, by Rudolph A. Ashton, III, for The North Carolina Academy of Trial Lawyers, amicus curiae.*

PHILLIPS, Judge.

The court's judgment allowing plaintiff interest from the filing of the complaint, rather than the date of the judgment, was entered pursuant to the provisions of G.S. 24-5. This statute, in pertinent part, is as follows:

> The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

Because the statute distinguishes between insured judgment debtors and uninsured judgment debtors, defendant contends that it violates the due process and equal protection clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution, and the equal protection and law of the land clauses contained in Article I, Section 19 of the North Carolina Constitution. These same contentions were rejected by our Supreme Court in two recent cases similar to this one. *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984) and *Lowe v. Tarble*, 312 N.C. 467, 323 S.E. 2d 19 (1984). On the authority of those cases we hold that defendant's appeal is without merit. But the judgment is not as clear as it might be as to the amount that pre-judgment interest has accrued on, and we construe it to require interest only on the amount of compensatory damages awarded. Which, no doubt, is what His Honor intended to state, since the statute by its terms authorizes pre-judgment interest on compensatory damages only.

Pre-judgment interest on punitive damages has not been authorized. So construed the judgment was not erroneous and defendant's motion to modify or set it aside was properly denied by Judge Morgan.

The order appealed from is therefore

Affirmed.

Judge BECTON concurs.

Judge HEDRICK concurs in the result.