STATE OF NORTH CAROLINA v. WILLIAM EUGENE STANLEY

No. 8515SC669

(Filed 18 February 1986)

**Constitutional Law § 83; Criminal Law § 142.3— restitution as condition of probation—no violation of equal protection**

The trial court erred in holding that N.C.G.S. 15A-1343(d) providing for restitution as a condition of probation violated the equal protection clause of the Fourteenth Amendment to the U. S. Constitution and Article I, § 19 of the N. C. Constitution and the exclusive emoluments clause contained in Article I, § 32 of the N. C. Constitution, since the legislature, in enacting the statute, sought to promote the rehabilitation of criminal defendants and to provide restitution and reparation to victims or "aggrieved parties" who *directly* suf-

fered damage or loss as a consequence of criminal misconduct; the legislature could rationally conclude that third party indemnitors should be precluded from receiving restitution or reparation from criminal defendants since they are most often insurance companies in the business of insuring against anticipated risks and deriving profit by assuming such risks; an indemnitor's right to pursue civil remedies against the criminal defendant, or against the insured to recover funds paid by the criminal defendant to the insured, remains intact; and the statute makes no distinction between insured and uninsured victims.

APPEAL by defendant from *Brannon, Judge.* Judgment and order entered 7 February 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 18 November 1985.

*Attorney General Thornburg, by Assistant Attorney General Henry T. Rosser, for the State.*

*Patterson, Packer & White, by C. Craig White, for defendant appellant.*

WHICHARD, Judge.

On 13 October 1984 defendant and a co-defendant, Gregory Lyn Shore, stole a new 1984 Dodge van from an automobile dealership. Later that day law enforcement officers observed the van, and a high-speed chase ensued. Shore lost control of the vehicle, and it left the road and rolled several times. The van, valued at $18,500, was totally destroyed.

Pursuant to a plea agreement, defendant pled guilty to one count of felonious larceny of a motor vehicle, N.C. Gen. Stat. 14-72(a). The court sentenced him to eight years imprisonment as a regular youthful offender. It suspended the sentence and placed him on supervised probation for five years. As a regular condition of probation, N.C. Gen. Stat. 15A-1343, the court ordered defendant to pay as restitution $18,400 to Universal Underwriters for payments it made to the dealership which owned the van, and $100 to the dealership itself, representing that portion of its loss not covered by insurance.

In its order the court acknowledged that N.C. Gen. Stat. 15A-1343(d) provides "that no third party shall benefit by way of restitution or reparation as a result of liability of that third party to pay indemnity to an aggrieved party for the damage or loss caused by the defendant." The court, however, declared that por-

State v. Stanley

tion of N.C. Gen. Stat. 15A-1343(d) unconstitutional. It reasoned that the provision

> [o]ffends the Equal Protection Clause of the 14th Amendment of the United States Constitution and Article I, Section 19 of the North Carolina Constitution, and also favors irrationally certain classes of criminal defendants by distinguishing between criminals who, by sheer happenstance, commit crimes against persons who had the foresight or whatever to pay out of their pockets for insurance, . . . and those who for whatever reason, did not happen to carry said insurance coverage; thus creating a special Emolument and Privilege in violation of Article I, Section 32 of the North Carolina Constitution.

In an addendum to its order the court stated: "In entering this Order the Court considered carefully and attempted to follow the law of this State as recently dealt with in all of the opinions (majority and dissent) of our State Supreme Court in *Powe v. Odell*, 312 N.C. 410 and *Lowe v. Tarble*, 312 N.C. 467."

Both the defendant and the State contend that the court erred in holding that the above-quoted portion of N.C. Gen. Stat. 15A-1343(d) violates the equal protection clause of the fourteenth amendment to the United States Constitution, article I, section 19 of the North Carolina Constitution and the exclusive emoluments clause contained in article I, section 32 of the North Carolina Constitution. We agree.

In the area of economics and social welfare, a statute containing a legislative classification which is rationally related to a legitimate state objective does not violate the equal protection clause of the fourteenth amendment to the United States Constitution or article I, section 19 of the North Carolina Constitution. *Powe v. Odell*, 312 N.C. 410, 412-13, 322 S.E. 2d 762, 763-64 (1984). "The traditional equal-protection test does not require the very best classification in the light of a legislative or regulatory purpose; it does require that such classification in relation to such purpose attain a minimum (undefined and undefinable) level of rationality." *Glusman v. Trustees and Lamb v. Board of Trustees*, 281 N.C. 629, 638, 190 S.E. 2d 213, 219 (1972), *vacated on other grounds*, 412 U.S. 947 (1973).

Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective.

*McGowan v. Maryland*, 366 U.S. 420, 425-26, 81 S.Ct. 1101, 1105, 6 L.Ed. 2d 393, 399 (1961).

A statute passed by the legislature is presumed constitutional. *State v. Warren*, 252 N.C. 690, 696, 114 S.E. 2d 660, 666 (1960). At the time the court entered its judgment and order N.C. Gen. Stat. 15A-1343(d) provided, in pertinent part:

(d) Restitution as a Condition of Probation.—As a condition of probation, a defendant may be required to make restitution or reparation to an aggrieved party or parties who shall be named by the court for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant. . . . An order providing for restitution or reparation shall in no way abridge the right of any aggrieved party to bring a civil action against the defendant for money damages arising out of the offense or offenses committed by the defendant, but any amount paid by the defendant under the terms of an order as provided herein shall be credited against any judgment rendered against the defendant in such civil action. . . . As used herein, "aggrieved party" shall include individuals, firms, corporations, associations or other organizations, and government agencies, whether federal, State or local. Provided, that no government agency shall benefit by way of restitution except for particular damage or loss to it over and above its normal operating costs. . . . Provided further, that no third party shall benefit by way of restitution or reparation as a result of the liability of that third party to pay indemnity to an aggrieved party for the damage or loss caused by the defendant. Restitution or reparation measures are ancillary remedies to promote rehabilitation of criminal offenders and to provide for compensation to victims of crime, and shall not be construed

to be a fine or other punishment as provided for in the Constitution and laws of this State.

The goals of the legislature in enacting N.C. Gen. Stat. 15A-1343(d), as expressed therein, are without question legitimate State objectives. Further, the distinction the statute draws between "aggrieved parties" and third-party indemnitors is rationally related to the attainment of the State's goals. It is clear that in enacting N.C. Gen. Stat. 15A-1343(d) the legislature sought to promote the rehabilitation of criminal defendants and to provide restitution and reparation to victims or "aggrieved parties" who *directly* suffered damage or loss as a consequence of criminal misconduct. The legislature could rationally conclude that third-party indemnitors should be precluded from receiving restitution or reparation from criminal defendants. More often than not third-party indemnitors are insurance companies. They are in the business of insuring against anticipated risks, and they derive profit by assuming such risks. Insurers, unlike victims of crime, have voluntarily contracted to assume liability for damage or loss arising out of criminal misconduct.

In addition, provisions in probation judgments requiring restitution "must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt." *State v. Bass*, 53 N.C. App. 40, 42, 280 S.E. 2d 7, 9 (1981); N.C. Const. art. I, sec. 28; *see also State v. Caudle*, 276 N.C. 550, 555, 173 S.E. 2d 778, 782 (1970). Thus, mindful of defendants' constitutional rights, the legislature limited the recipients of restitution and reparation to those persons and institutions whose loss was a *direct* consequence of defendants' criminal misconduct. Further, we note that N.C. Gen. Stat. 15A-1343(d) merely precludes an indemnitor from receiving court-ordered restitution as a condition of a criminal defendant's probation. An indemnitor's right to pursue civil remedies against the criminal defendant, or against the insured to recover funds paid by the criminal defendant to the insured, remains intact. *See Insurance Co. v. Greer*, 54 N.C. App. 170, 282 S.E. 2d 553 (1981).

The legislative classification contained in N.C. Gen. Stat. 15A-1343(d) is rationally related to legitimate state goals and attains that "minimum level of rationality" our national and state con-

stitutions require. The court thus erred in holding that N.C. Gen. Stat. 15A-1343(d) violates the equal protection clause of the fourteenth amendment to the United States Constitution and article I, section 19 of the North Carolina Constitution.

The court also erred in holding that N.C. Gen. Stat. 15A-1343(d) grants "exclusive or separate emoluments or privileges" in violation of article I, section 32 of the North Carolina Constitution, which provides: "Exclusive Emoluments. No person or set of persons is entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services." The court reasoned that the statute "favors irrationally certain classes of criminal defendants by distinguishing between criminals who, by sheer happenstance, commit crimes against persons who had the foresight or whatever to pay out of their pockets for insurance, . . . and those who for whatever reason, did not happen to carry said insurance coverage." The court incorrectly interpreted N.C. Gen. Stat. 15A-1343(d) as favoring certain classes of defendants. The statute makes no distinction between insured and uninsured victims. A court may order restitution or reparation without regard to the amount the victim has or may recover through a third-party indemnitor. *State v. Maynard*, -- N.C. App. ---, --- S.E. 2d --- (1986) (filed simultaneously herewith).[1] The statute thus in no way favors a single class of defendants. While it prefers "aggrieved parties" to indemnitors, such a distinction is not precluded by the exclusive emoluments clause of our Constitution. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 439, 302 S.E. 2d 868, 879 (1983). As discussed above, the legislature

---

1. The pertinent part of N.C. Gen. Stat. 15A-1343(d) has been amended to read as follows:

> Provided further, that no third party shall benefit by way of restitution or reparation as a result of the liability of that third party to pay indemnity to an aggrieved party for the damage or loss caused by the defendant, *but the liability of a third party to pay indemnity to an aggrieved party or any payment of indemnity actually made by a third party to an aggrieved party does not prohibit or limit in any way the power of the court to require the defendant to make complete or full restitution or reparation to the aggrieved party for the total amount of the damage or loss caused by the defendant.*

1985 N.C. Sess. Laws, ch. 474 (language added by amendment emphasized by the Court). In *Maynard, supra,* this Court interpreted the amendment as clarification of the original legislative intent to allow restitution or reparation to an aggrieved party irrespective of a third party's liability to indemnify that aggrieved party.

could reasonably conclude that the public welfare would be served best by the classification it chose to make. *Id.*

In holding N.C. Gen. Stat. 15A-1343(d) unconstitutional the court relied on the "majority and dissent[ing]" opinions of the Supreme Court in *Powe*, 312 N.C. 410, 322 S.E. 2d 762 and *Lowe v. Tarble*, 312 N.C. 467, 323 S.E. 2d 19 (1984). In *Powe* and *Lowe* the Supreme Court considered whether N.C. Gen. Stat. 24-5 (Cum. Supp. 1983) violated the equal protection clause of the fourteenth amendment to the United States Constitution, article I, section 19 of the North Carolina Constitution or the exclusive emoluments clause of the North Carolina Constitution. N.C. Gen. Stat. 24-5 required liability insurers, but no other class of defendants, to pay prejudgment interest on compensatory damage awards. In 4-3 decisions the Supreme Court upheld the constitutionality of the statute. If *Powe* and *Lowe* were dispositive of the constitutionality of N.C. Gen. Stat. 15A-1343(d), which they are not, they would more readily compel a court to uphold the statute than to strike it down as unconstitutional.

The court erred in finding N.C. Gen. Stat. 15A-1343(d) unconstitutional. The condition of defendant's probation which requires him to pay $18,400 as restitution to Universal Underwriters, a third party prohibited by N.C. Gen. Stat. 15A-1343(d) from receiving restitution, thus must be vacated. The cause is remanded for entry of an appropriate condition consistent with the provisions of that statute as interpreted in *Maynard, supra.*

Since the restitution condition of defendant's probation is vacated, we need not reach defendant's contention that the court did not make adequate findings of fact regarding his ability to earn and to make restitution. We note, however, that such findings are not required. *See State v. Hunter*, --- N.C. ---, ---, 338 S.E. 2d 99, 103 (1986).

Condition of probation vacated; remanded for entry of an appropriate condition.

Chief Judge HEDRICK and Judge JOHNSON concur.