SAMUEL, Judge.
This is a suit by Travelers Insurance Company against its insured Arthur Chal-ona, to recover the sum of $1,000 paid to *499 him by three persons who stole and damaged his automobile. The automobile was insured under a comprehensive and theft policy written by Travelers.
These facts are not in dispute: Defendant’s automobile was stolen on January 19, 1969. It was later recovered by the police in a damaged condition. The owner made claim under the policy against Travelers, which paid him $1,367. Upon receipt of the money Mr. Chalona executed a conventional subrogation of his rights and claims to Travelers to the extent of the amount paid.
Three men were apprehended by the police and charged in a bill of information with theft of the car of the value of $1,000. They entered pleas of guilty to attempted theft, the pleas were accepted by the State, and the judge of the Criminal District Court sentenced each defendant to serve 6 months in the parish prison. However, the judge suspended the execution of the sentence. One of the conditions of the suspension was that “the defendants make restitution to the victim within 30 days.” As the bill of information charged theft of an automobile valued at $1,000, that total amount was paid to the present defendant by the three criminal defendants. After learning of this payment Travelers demanded that the money be surrendered to it by Chalona. He refused and this suit resulted.
Travelers contends that by virtue of the subrogation executed by Chalona in its favor, Chalona is not entitled to retain the $1,000 payment made to him by the criminal defendants. Appellant urges that if Chalona is allowed to keep the $1,000 payment in addition to the $1,367 paid by Travelers under the policy, he will have been paid $1,000 more than the amount of his loss. While unstated, it is implicit in Travelers’ argument that Chalona merely holds the $1,000 as custodian for Travelers.
On the other hand, Chalona contends the payment by the criminal defendants to him was penal in nature so that Travelers has no right to it. He further argues the $1,000 could have been paid to him for other damages sustained as a result of the theft, such as inconvenience, lost wages, and mental anguish.
The only witness at the trial of this matter was Chalona himself, and the only significant testimony given by him was his admission that he signed the subrogation agreement when he received the sum of $1,367 from Travelers and his statement that he knew nothing of the criminal proceeding until a probation officer told him about the pleas and the sentences. The automobile was his “daughter’s car”; he did not file criminal charges; he did not appear at criminal court; nor did he in any way take part in the criminal proceeding. Moreover, our reading of the entire record convinces us that the restitution was ordered solely for the purpose of covering property loss of or damages to the stolen automobile to the extent of $1,000.
The judge of the Criminal District Court ordered the restitution pursuant to Article 895(6) [1] of the Louisiana Code of Criminal Procedure, which provided that a judge may impose conditions on probation resulting from the suspension of the execution of a criminal sentence, and one of these conditions is reparation or restitution. The pertinent part of the codal article reads:
“(6) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;” 3 La.Code Crim.Proc. Art. 895(6). (Emphasis ours).
The wording of the statutory authority upon which restitution was ordered is clear in its import that the payment is not in the nature of a fine but rather in the nature of a damage payment as would be recoverable *500 under Article 2315 of the Civil Code. The use of the words “reparation” and “restitution” clearly implies that conclusion and the first paragraph of Article 2315 reinforces this interpretation. It provides:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” LSA-C.C. Art. 2315. (Emphasis ours).
Because a payment made under Article 895(6) of the Code of Criminal Procedure results in the repair of damage caused by the offender, it would have the same civil effect upon the criminal defendants as a payment pursuant to a settlement or judgment in a civil matter. It is important to note that a payment made pursuant to Code of Criminal Procedure Article 895 is a condition of the suspension of the criminal sentence and is not a substitute for the sentence. The sentence here was still imposed (although not executed), and one of the conditions of suspension was restitution of the damage caused by the fault of the criminal defendants.
The theft of the present defendant’s automobile was both a criminal offense and a civil offense against him. It is part of the philosophy underlying Article 2315 of the Civil Code that a person against whom an offense or quasi offense has been committed may recover compensatory damages only, and may not recover more than is necessary to repair him or make him whole.[2] It is therefore clear that if Chal-ona, the defendant in this case, filed suit against the criminal defendants to recover $1,367 as damage to his automobile, his suit would be subject to a defense of payment, at least to the extent of $1,000. Travelers, as the subrogee of Chalona, has no more right than its subrogor and would likewise be subject to such a defense for the reason that the criminal defendants are only liable under Article 2315 to pay one time for the damage caused by them.
Chalona admitted he freely and voluntarily signed the subrogation agreement in favor of Travelers when he accepted its check for $1,367. The subrogation entitles Travelers to priority over payments made by the criminal defendants to Chalona for the automobile damage to the extent of $1,367. It follows that Chalona received the sum of $1,000 as Travelers’ representative and for its benefit.
For the foregoing reasons, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Travelers Insurance Company, and against the defendant, Arthur Chalona, in the full sum of $1,000, together with legal interest thereon from judicial demand until paid; all costs in both courts are to be paid by the defendant-appellee.
Reversed.

. The criminal defendants were sentenced prior to the 1972 amendment under which the same provision is now Article 895 (7).

. See, for example, East v. Pan American Petroleum Corporation, La.App., 168 So.2d 426, and cases cited therein.