737 So.2d 696 (1999)
Washington G.B. BRYAN
v.
The CITY OF NEW ORLEANS, et al.
No. 98-C-1263
Supreme Court of Louisiana.
January 20, 1999.
Reginald James Laurent, Spears & Spears, Slidell, Counsel for Applicant.
Glenn C. McGovern, New Orleans, Counsel for Respondent.
PER CURIAM.[*]
We granted certiorari in this case solely to determine whether the court of appeal erred in increasing the trial court's damage award. Upon a review of the record, we find that the court of appeal did so err. The trial court's award of damages is not clearly wrong, and we therefore reinstate that award.

FACTS AND PROCEDURAL HISTORY
On the evening of August 11, 1992, Officer Albert Miller of the New Orleans Police Department stopped plaintiff, Dr. *697 Washington G.B. Bryan, for speeding and tailgating on the interstate. As Officer Miller was writing out the traffic tickets, plaintiff walked back to his car and apparently attempted to leave the scene.[1] As a result, Officer Miller removed plaintiff from his car, handcuffed him, and placed him in the back of the police car. Plaintiff indicated that the handcuffs were "too tight," and described Officer Miller's treatment as "rough and humiliating." After a brief period,[2] Officer Miller removed the handcuffs, issued four traffic tickets to plaintiff, and told him he was free to go.
Plaintiff subsequently filed suit against Officer Miller and the City of New Orleans ("City"), alleging the handcuffing incident resulted in physical injury in the form of numbness and swelling of his left hand and in severe weakness and muscle aches and pains, which was eventually diagnosed as rhabdomyolysis.[3] In addition, plaintiff alleged he suffered from psychological injuries as a result of the incident, necessitating extensive psychiatric treatment.
Following a bench trial, the trial court rendered judgment in favor of plaintiff and against defendants. The court found that plaintiff was partly at fault in the incident, assessing his fault at 33-1/3%, and fixed his damages at $90,000, without itemizing the award into general and special damages.[4]
Dr. Bryan appealed this judgment. In an opinion not designated for publication, the court of appeal set aside the trial court's assessment of fault on the part of Dr. Bryan.[5] While the court of appeal found no error or abuse of discretion in the trial court's $90,000 award (which it characterized as a "general damage award"), it awarded an additional $86,900 for psychiatric expenses,[6] raising the total award to $176,900. The court of appeal affirmed the judgment of the trial court in all other respects.
Upon application by the City, we granted certiorari, limiting briefing and argument to the issue of the increase in damages.[7] Thus, the sole issue presented for our consideration is whether the court of appeal erred in increasing the trial court's damages award.

DISCUSSION
The fact finder has great discretion in determining the amount of damages, and appellate courts should rarely disturb such an award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-61 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is well settled that a lump sum judgment is presumed to award all items of damages claimed. Reichert v. Bertucci, 96-1213 (La.App. 4th Cir.12/4/96), 684 So.2d 1041, writ denied, 97-0023 (La.2/7/97), 688 So.2d 511; Boutte v. Nissan Motor Corp., *698 94-1470 (La.App. 3d Cir.9/13/95), 663 So.2d 154. The appellant's burden of proving the fact finder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable. Id.
In the instant case, although the court of appeal characterized the trial court's $90,000 award as an award of general damages, that judgment is clearly a lump sum judgment which does not distinguish between general or special damages. However, given the fact that plaintiff sought a total of $86,900 for past and future psychiatric expenses, we can presume that the $90,000 award (which encompassed all plaintiff's damages) did not award the entire $86,900. Accordingly, we now examine the record to determine whether the trial court's failure to award the entire $86,900 in psychiatric expenses rises to the level of an abuse of discretion.
Most of the evidence in the record concerning plaintiff's psychiatric condition came from Dr. R.G. Gonzalez, plaintiff's treating psychiatrist. Dr. Gonzalez testified that he first saw plaintiff in March 1993, approximately six months after the August 1992 handcuffing incident. At that time, Dr. Gonzalez found plaintiff was suffering from anxiety and feelings of depression relating to "a lot of concerns about interpersonal issues," including the 1991 death of his father and his October 1992 divorce. He felt plaintiff was "very upset" about the handcuffing incident. Over the course of the next several years, plaintiff had some 684 sessions with Dr. Gonzalez, during which time a number of issues in addition to the handcuffing incident were discussed, including the breakup of plaintiff's marriage, the death of his father, his declining income, and his rhabdomyolysis. Dr. Gonzalez admitted that references to the handcuffing incident were made in his notes only eleven times, although he indicated the notes were not intended to include all subjects addressed during the sessions. He testified plaintiff mentioned the handcuffing incident approximately 50-100 times. When asked by the trial court to rank the five major issues addressed during the sessions, Dr. Gonzalez indicated the handcuffing incident and plaintiffs divorce were "head and head," followed by the death of plaintiffs father, the breakup of his marriage, his rhabdomyolysis condition, and the decline in his income.
Based on this evidence, the trial court could make a reasonable finding of fact that plaintiffs emotional state was so fragile that the handcuffing incident may have required him to undergo psychiatric care. As stated in Perniciaro v. Brinch, 384 So.2d 392 (La.1980), a defendant takes his victim as he finds him and he is responsible for all the natural and probable consequences of his tortious conduct. Nonetheless, it does not necessarily follow that defendants herein were liable for plaintiffs entire psychiatric expenses, since the trial court could make a reasonable determination that certain psychiatric expenses were so far attenuated from defendants' conduct as to warrant their exclusion from the award. Accordingly, we find the mere fact that the trial court did not award the entire $86,900 in psychiatric expenses claimed by plaintiff does not indicate the court abused its discretion. The court of appeal erred in finding otherwise.
In sum, we find the trial court's $90,000 lump sum award is presumed to include a portion of the psychiatric expenses sought by plaintiff. Based on the record before us, we cannot say the trial court abused its discretion in refusing to award the full amount of psychiatric expenses. Accordingly, the judgment of the court of appeal, insofar as it awards an additional $86,900 for psychiatric expenses, must be reversed.
Finally, defendants raise other issues, such as the court of appeal's reversal of the trial court's finding of comparative fault on the part of the plaintiff. In granting the application for certiorari on the issue of the increase in damages, we did not intend to address these issues. Therefore, *699 we will recall the writ as to these issues and deny the application insofar as it pertains to issues other than the increase in psychiatric expenses. See Ruiz v. Oniate, 97-2412 (La.5/19/98), 713 So.2d 442; Sanders v. Zeagler, 96-1170 (La.1/14/97), 686 So.2d 819; Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it awards an additional $86,900 for psychiatric expenses, and the trial court's lump sum award of damages of $90,000 is reinstated. In all other respects, the writ is recalled and denied. All costs in this court are assessed against plaintiff.
CALOGERO, C.J., and VICTORY, J., concur and assign reasons.
LEMMON and TRAYLOR, JJ., concur for reasons assigned by VICTORY, J.
JOHNSON, J., dissents and assigns reasons.
CALOGERO, C.J., concurring.
I agree with the majority's per curiam and the disposition of the case, although I would have preferred for the case to have been assigned to a justice for an authored opinion.
VICTORY, J., concurring.
The trial court found liability on the part of the City only for handcuffing the plaintiff too tightly. The trial court award adequately compensates the plaintiff for his injuries, including any special damages attributable to the officer handcuffing him too tightly.
JOHNSON, J., dissenting.
I agree with the conclusion reached by the Court of Appeal that the humiliation and fear caused by Officer Miller's handcuffing necessitated Dr. Bryan's intensive psychiatric treatment. While the handcuffing incident was not the sole focus of their therapy sessions, Dr. Gonzales' testimony establishes that it acted as an aggravating factor in causing the generalized anxiety he diagnosed in Dr. Bryan. Therefore, Dr. Bryan is entitled to recover the additional $86,900.00 for psychiatric expenses awarded by the Court of Appeal and I respectfully dissent.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part II, § 3.
[1] The testimony at trial was conflicting on this point. Dr. Bryan testified he went back to his car to use his car phone and merely turned on the ignition to get power. However, Officer Miller testified Dr. Bryan started his engine and attempted to drive away.
[2] According to Officer Miller, Dr. Bryan was handcuffed for only five minutes during a forty minute encounter. Dr. Bryan recalled that he was detained for ninety minutes, thirty minutes of which he was in handcuffs.
[3] Rhabdomyolysis is the destruction of muscle tissue accompanied by the release of the oxygen-carrying red muscle pigment myoglobin into the blood. There are several causes of this condition, both traumatic and non-traumatic, including alcoholism, direct trauma, chemical intoxication, drug overdosage, exhaustive exercise, seizures, severe infections, and myositis.
[4] The trial court's judgment actually awards the sum of $60,000, which presumably represents the $90,000 award reduced by plaintiff's percentage of fault.
[5] Bryan v. City of New Orleans, 97-2063 (La. App. 4th Cir.4/8/98), 710 So.2d 1212 (unpublished).
[6] This amount included $66,900 for past and $20,000 for future psychiatric expenses.
[7] Bryan v. City of New Orleans, 98-1263 (La.9/4/98), 723 So.2d 424.