.DREW, J.
liThe sole issue in this appeal is whether the trial court erred in rejecting Lillie Tacker’s claim for damages suffered in a motor vehicle accident. The trial court found that Tacker lacked credibility and failed to meet her burden of proof that she sustained any injuries in the wreck.
For the following reasons, the judgment is reversed in part and plaintiff is awarded special damages incurred on the date of this accident and modest general damages for her soft tissue injury. The judgment is affirmed in all other respects.
On November 2, 2010, Lillie Tacker and her minor child[1] were in an automobile collision which was caused by the sole negligence of the other driver, Jonvontae Tell.[2] Tell was driving a 1991 Geo south on Pelican Drive (the inferior street) and disregarded a stop sign as he entered North Main Street (the superior street) in Homer. Tacker was driving a 1992 Chevrolet pickup truck west on North Main and was struck by Tell’s. vehicle. The trial court correctly ruled that the accident resulted solely from the negligence of Tell. That ruling was not appealed and causation is not at issue in this appeal.
Plaintiffs lack of credibility is well supported throughout this record. Nonetheless, the record also reveals emergency room records from the date of the accident documenting that the attending physician observed muscle spasm and prescribed pain medications for her. For this reason, the | ¿judgment is reversed in part to award plaintiff $832.00 for medical expenses incurred the day of the accident and $1,500.00 for soft tissue injury sustained in the accident.
TRIAL AND EVIDENCE
The trial took place on February 7, 2014. The trial court found the accident was caused by Tell’s failure to yield and that Tacker was not at fault in the accident. Tacker presented special medical damages of $11,968.30[3] and sought damages for pain and suffering.[4]
*720 Plaintiff was in a second car crash on April 11, 2011.[5] She complained of the sanie injuries from each wreck, though she also claimed that her chest was crushed in this second wreck. The medical records and X-ray showed no fractures.
Tacker often sought treatment at the emergency rooms (ER) of the Homer and Minden hospitals in the weeks between the two wrecks. During these visits, she never complained of injuries from the first wreck.
A review of the deposition testimony of the directors of the ERs at the Minden and Homer hospitals belies Tacker’s arguments on appeal that her evidence establishes her residual injuries from the accident at issue.
| sDr. Max Stell, director of the ER at Minden Medical Center, testified that on September 6, 2010, Tacker (who had a history of chronic headaches) sought relief for an acute headache with nausea and spotted vision at the Minden ER. Medical personnel administered to Tacker injections of Toradol (pain), Zofran (nausea), and Stadol (pain) plus a Lortab and a prescription for Lortab 7.5 mg (pain medication).
Dr. Donald Scott Haynes, director of the ER at Homer Memorial Hospital, testified that on November 2, 2010, the day of the collision, Tacker complained her neck, shoulders, and back were stiff and she was having difficulty moving her neck. She had neck pain and pain across her shoulders and in her mid-back. The attending physician observed no apparent injuries and found no abnormalities in a series of X-rays and the neurological exams. Following a diagnosis of cervical spasm, Tack: er was administered an injection of Tora-dol (nonsteroidal anti-inflammatory pain medicine) and prescribed Lortab with one refill and Flexeril (muscle relaxant).
Tacker went to the Minden ER on November 17, 2010, with complaints of severe lower abdominal cramping and pain, but no mention of neck or back pain. During this visit, the record noted discrepancies in information plaintiff told to the nurse (medication previously prescribed not helping) and the doctor. Tacker had been given a prescription for Lortab 10s five days previously but stated they were not working. The patient stated that “the Lortab 10s work fine when I can get enough of them in my |4system.” Dr. Stell stated Tacker exhibited red flags for “chronic pain” and “drug seeking behavior.”
The ER visits were continuing events.[6]
*721 Dr. Stell concluded that none of Tacker’s visits to the Minden ER were related to trauma or a vehicular accident. Any neck pain was related to |sher history of headache predating the wreck in question. He further attributed any back pain to her menstrual problems.
DISCUSSION
In Smith v. City of Shreveport, 46,596 (La.App.2d Cir.9/21/11), 73 So.3d 496, this court stated that Louisiana courts of appeal apply the manifest error standard of review in civil cases. The trial court’s findings of fact may not be set aside on appeal unless clearly wrong or manifestly erroneous, even where the court of appeal is convinced that it would have weighed the evidence differently and reached a different result. The issue to be resolved is not whether the trier of fact was right or wrong, but whether its factual conclusions were reasonable. If there are two permissible views of the evidence, the fact finder’s choice cannot be manifestly erroneous or clearly wrong. See, Rosell v. ESCO, 549 So.2d 840 (La.1989), and Stobart v. State through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993).
While this court agrees with the trial court’s assessment that Tacker lacked credibility, we cannot overlook that on the day of the accident, the attending physician found no visible injuries but did treat Tacker as having sustained soft tissue injuries. Tacker sought no further medical attention for these injuries even though she frequently appeared in the ERs of Minden and Homer. She did not establish that any continuation of pain from these soft tissue injuries.
Based upon Tacker’s history of dissembling, the trial court denied her any recovery. While we certainly understand this action of the trial court, |6we are constrained to find that the court was clearly wrong on this issue. Tacker did, in fact, *722 suffer some injuries in an accident not of her making. Considering the totality of this-record, we find that plaintiff is entitled to a minimal award.
Accordingly, we reverse the trial court in part. We award the plaintiff $832.00 for medical expenses incurred on November 2, 2010, the date of the accident. We further award $1,500.00 for soft tissue injuries suffered that date.
In all other respects, the judgment of the trial court is affirmed.
CONCLUSION
The trial court judgment is reversed in part to award special damages of $832.00 for medical expenses incurred the day of the first wreck. We also award $1,500.00 to compensate for any soft tissue injury sustained in the first wreck.
DECREE
With costs of the appeal assessed against the defendants, the judgment is REVERSED IN PART, AMENDED, AND, AS AMENDED, AFFIRMED.

. Initially, Tacker sued for damages on her behalf and that of her minor child. Issues concerning the child were settled prior to the trial and are not before this court.

. Named defendants were the owner of the Tell vehicle (Pinky Tell) and her insurer, Louisiana Farm Bureau Casualty Insurance Company. Subsequently, the driver and his father, Johnny Tell, were added as defendants.

. On the date of the accident, Tacker incurred medical bills of $832.00 at the Homer ER.

. Plaintiff damaged her credibility by securing a continuance of an earlier trial date by falsely alleging that her grandmother was dy *720 ing. Plaintiff’s mother testified at trial that neither her mother, plaintiff’s paternal grandmother, nor anyone else that she knew of had been ill.

. The trial court found that the second accident was much more serious than the first.

. Tacker returned to the Minden ER on January 15, 2011, for stomach and low back pain associated with her menstrual cycle, plus chronic UTI.
On February 9, 2011, Tacker again went to the Minden ER with menstrual cramping, for which she was given medication. At neither visit did she refer to neck pain or the November 2, 2010, motor vehicle accident.
Tacker reported a headache "all over” beginning three days prior to her visit to the Minden ER on February 28, 2011. Tacker reported her past history to be occasional headaches and depression and did not report the wreck in November. At this visit, Tacker left prior to getting medication or discharge papers.
On March 6, 2011, Tacker went to the Min-den ER and reported that she woke up with a headache and had a history of migraines, but made no mention of the auto accident. She received an injection of Demerol and Compa-zine.
March 8, 2011: Tacker went to Homer ER, where she was diagnosed with a UTI and low back pain. She refused the offered injection *721 of Toradol, stating that she did not want another shot in here and "that’s not gonna work,” according to the nurse’s notes.
April 11, 2011: Tacker visited Homer ER, where she reported a motor vehicle collision, with neck, head and chest pain. The exam revealed no apparent injury but she was cautioned that soreness and stiffness might develop over the next two days. Hospital personnel injected Tacker with Demerol, a narcotic pain reliever, and prescribed a muscle relaxant.
June 3, 2011: Tacker went to Homer ER with back pain, for which she was given a corticosteriod shot and prescribed a narcotic pain reliever.
June 12, 2011: Again Tacker visited the Homer ER with headache, nausea, vomiting and back pain. Tacker receive a shot of narcotic Demerol for pain and Vistaril for nausea plus a Toradol shot, which is for pain and anti-inflammation.
June 13, 2011: Tacker complained of nausea, vomiting and three-day-long headache at the Minden Medical Center ER with a past history of anxiety and headaches. She did not report back pain. Dr. Stell associated the reported neck pain with her headache. Tacker did not report either car accident. She was discharged with a prescription of Compa-zine for chronic complaints.
July 25, 2012: She presented at the Minden Medical Center ER with pelvic pain associated with a hysterectomy. Tacker had pelvic pain, for which she was given a Lortab and discharged with medication for a chronic UTI.
October 6, 2011: Tacker returned to the Homer ER with back pain, reporting that she was waiting for the results of an MRI set up by her lawyer. She was prescribed muscle relaxers and anti-inflammatories.
December 28, 2011: Complaining of neck and upper back pain since injury in a November 2010 car crash, Tacker went to the Homer ER. She was prescribed Toradol and Ativan for muscle spasm.
January 20, 2012: At the Homer ER, Tacker complained of back pain from a motor vehicle accident a year ago. She receive prescriptions for narcotic pain medication, muscle relaxers, and corticosterioid medicine for inflamation.