2016-0271 (La.App. 1 Cir. 10/31/16)

**Paula JOHNSON, Wife of and Stanley Johnson**

v.

**Penny HENRY, Wife of and Melvin Henry**

NO. 2016 CA 0271

Court of Appeal of Louisiana, First Circuit.

OCTOBER 31, 2016

Peter W. Meisner, New Orleans, LA, Attorney for Plaintiffs-Appellees, Paula Johnson, Wife Of and Stanley Johnson

Keith M. Whipple, Bourg, LA, Attorney for Defendants-Appellants, Penny Henry, Wife of and Melvin Henry

BEFORE: HIGGINBOTHAM, THERIOT, AND CHUTZ, JJ.

HIGGINBOTHAM, J.

Defendants, husband and wife, appeal the judgment of the trial court that awarded damages and attorney fees to plaintiff for the wife's unauthorized use of plaintiff's identity to purchase a computer.

## FACTS AND PROCEDURAL HISTORY

Penny Henry and Paula Johnson were co-workers at Terrebonne General Medical Center. In June 1999, Mrs. Henry obtained Mrs. Johnson's social security number from the hospital data bank. She used this information without Mrs. Johnson's knowledge to purchase a Gateway Computer. When Mrs. Henry stopped making payments towards the computer, Citibank, who purchased the note from Gateway Computer Company, filed a lawsuit against Mrs. Johnson seeking collection of the remaining balance due for the computer. After reviewing the lawsuit, Mrs. Johnson discovered that Mrs. Henry had used her information to purchase the computer.

Criminal charges were filed against Mrs. Henry. As part of a pretrial intervention program, she paid $3,000.00 to Mrs. Johnson in restitution in the criminal proceedings. Mrs. Johnson and her husband, Mr. Stanley Johnson, also filed this civil suit against Mrs. Henry and her husband, Mr. Melvin Henry, seeking damages for physical and non-physical injuries sustained as a result of Mrs. Henry's fraudulent purchase

of the computer. The matter came before the trial court on April 29, 2014. After the hearing, the trial court concluded that Mrs. Henry committed an intentional tort against Mrs. Johnson. On May 14, 2014, the trial court signed a judgment in favor of Mrs. Johnson and against Mr. and Mrs. Henry solidarily, in the amount of $7,500.00 in damages and in the amount of one-third of the judgment for attorney fees. Mr. Johnson's claims were dismissed.

The Henrys suspensively appealed the judgment and assigned five errors: (1) the trial court erred in awarding Mrs. Johnson $7,500.00 as damages for mental anguish; (2) the trial court erred in failing to give credit to the Henrys for the $3,000.00 previously paid to Mrs. Johnson for restitution in the criminal case; (3) the trial court committed manifest error in failing to find that Mrs. Johnson had been sufficiently compensated for her mental anguish by the $3,000.00 which she had been awarded and accepted in the criminal case; (4) the trial court erred in casting Mr. Henry in judgment for the intentional tort of his wife; and (5) the trial court erred in awarding attorney fees.

## LAW AND ANALYSIS

### I. Damages

■ In the Henrys' first three assignments of error they challenge the trial court's award of damages in the amount of $7,500.00. Specifically, the Henrys allege that the award was excessive considering the mental anguish suffered by Mrs. Johnson, and that they should have been given a credit for the $3,000.00 they already paid to Mrs. Johnson as part of the pretrial intervention program.

■ The May 14, 2014 judgment specifically stated that the $7,500.00 award "comprises the special and general damages to which Paula Johnson is entitled."[1]

---

1. In rendering oral reasons for judgment, the

trial court awarded general damages of

General and specific damages may be awarded in globo and such award will not be set aside absent an abuse of discretion. **Sims v. Selvage,** 499 So.2d 325, 328 (La. App. 1st Cir. 1986), writ not considered, 503 So.2d 7 (La. 1987). It is only after the articulated analysis of the facts discloses an abuse of discretion that the award on appellate review can be considered either excessive or insufficient. **Reck v. Stevens,** 373 So.2d 498, 501 (La. 1979). A lump sum judgment is normally presumed to award all items of damages claimed, and the appellant's burden of proving that the fact finder abused its much discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable. **Bryan v. City of** |₄**New Orleans,** 98–1263 (La. 1/20/99), 737 So.2d 696, 697-98. Each case must be determined on its own facts and circumstances, and we must examine each element of damage claimed to determine if there was an abuse of discretion. See **Reck,** 373 So.2d at 501.

In this matter, Mrs. Johnson testified that she was served with Citibank's lawsuit at work causing her to be very upset and embarrassed. She stated that she had to hire an attorney to defend Citibank's lawsuit, which took six months to settle, and necessitated her to going to the District Attorney's office a couple of times, causing her to miss work and lose approximately $220.00 in salary. Additionally, Mrs. Johnson claimed that the lawsuit affected her credit, thereby complicating a real estate transaction in which she and her husband were involved. She said that she hired an attorney to clear up the complication and

had to pay an additional $1,000.00 to complete the real estate transaction.

During her testimony, Mrs. Henry admitted that she used Mrs. Johnson's information to purchase the computer. She stated that after Citibank's lawsuit was filed she paid the balance on the computer, $3,000.00 in restitution to Mrs. Johnson, and between $500.00 and $600.00 to Mrs. Johnson to pay for her attorney fees.

■ The trial court heard the testimony from Mrs. Johnson and Mrs. Henry and determined that its award of damages should not be offset by the amount Mrs. Henry paid to Mrs. Johnson in restitution. Although there is precedent in Louisiana for allowing a criminally imposed restitution payment to be claimed as a credit in a civil case, Louisiana law does not mandate that the trial court offset an award of civil damages by a payment in restitution. See **National Food Stores of La., Inc. v. Chustz,** 385 So.2d 374, 376 (La. App. 1st Cir.) (per curiam), writ denied, 386 So.2d 356 (La. 1980). See also **Travelers Insurance Company v. Chalona,** 293 So.2d 498, 499-500 (La. App. 4th Cir.), writ denied, 295 So.2d 816 (La. 1974). Additionally, restitution |₅covers "actual pecuniary loss" not general damages such as mental anguish. See La. Code Crim. P. art. 895.1.[2]

The trial court's award of $7,500.00 in damages to Mrs. Johnson, especially considering that she had already received $3,000.00 in restitution, is arguably on the high side. However, after thorough consideration of all the facts and circumstances in this case, we simply cannot conclude

---

"$7,500.00 for mental anguish." However, the signed judgment stated that the $7,500.00 award was for general and special damages. A trial court's written reasons for judgment form no part of the judgment itself. Where there is a conflict between the judgment and the written reasons, the judgment controls. **Delahoussaye v. Board of Sup'rs of Commu-**

**nity and Technical Colleges,** 2004–0515 (La. App. 1 Cir. 3/24/05), 906 So.2d 646, 654.

2. In addressing restitution, La. Code Crim. P. art. 895.1 provides in pertinent part, that "[t]he court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim."

that the trial court's award constitutes an abuse of discretion.

## II. Mr. Henry's Liability

■ In the Henrys' fourth assignment of error, they contend that the trial court erred in casting Mr. Henry in judgment for the intentional tort of his wife. Except as provided in La. Civ. Code art. 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations. La. Civ. Code art. 2361. Louisiana Civil Code Article 2360 defines a community obligation as "[a]n obligation incurred by a spouse during the existence ·of a community property regime for the common interest of the spouses or for the interest of the other spouse." At the time Mrs. Henry used Mrs. Johnson's identity to purchase the computer, La. Civ. Code art. 2363, defining a separate obligation, provided in pertinent part:

> An obligation resulting from the intentional wrong not perpetrated for the benefit of the community, or an obligation incurred for the separate property of a spouse to the extent that it does not benefit the community, the family, or the other spouse, is likewise a separate obligation.

Since the definition of a separate obligation resulting from an intentional wrong does not include an obligation perpetrated for the benefit of the community, an obligation resulting from an intentional wrong that was perpetrated for the benefit of the community is therefore presumed to be community. See La. Civ. Code art. 2361.

Mr. Henry acknowledged during his testimony that he was aware of the computer, and that the computer was used primarily by his children. Thus, the obligation incurred by Mrs. Henry clearly benefited his family, and thereby the community, and is presumed to be a community obligation. For these reasons, we find no error in the trial court's decision to cast Mr. Henry in judgment for the intentional tort of Ms. Henry.

## III. Attorney Fees

■ In the Henrys' final assignment of error, they contend that the trial court erred in awarding attorney fees to Mrs. Johnson. Attorney fees are only provided in Louisiana when authorized by contract or by statute. **Nassif v. Sunrise Homes, Inc.,** 98–3193 (La. 6/29/99), 739 So.2d 183, 185. Mrs. Johnson contends that Mrs. Henry was liable for attorney fees because she committed fraud. In favor of her position, she relied on Article 1958 of Title IV of the Louisiana Civil Code entitled "Conventional Obligations or Contracts." Article 1958 states that, "[t]he party against whom rescission is granted because of fraud is liable for damages and attorney fees."

■ Article 1958 provides for attorney fees not for all cases of fraud, but only for those where the type of fraud is a vice of contractual consent for which the remedy is rescission of the contract. **Coates v. Anco Insulations, Inc.,** 2000–1331 (La. App. 4th Cir. 3/21/01), 786 So.2d 749, 756. Mrs. Johnson has not asserted claims under the conventional obligations or sale provisions of the civil code. There was no contract between Mrs. Johnson and Mrs. Henry. Mrs. Johnson's claims were in tort. Accordingly, Article 1958 is inapplicable to the facts of this case, and the trial court erred in awarding Mrs. Johnson attorney fees.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed insofar as it awarded attorney fees to Mrs. Johnson. In all other respects the judgment of the trial court is affirmed. All costs of this appeal

are to be divided equally between Mrs. Johnson and The Henrys.

**AFFIRMED IN PART; REVERSED IN PART.**