BLEICH, J. (Pro Tempore )
The issue in this appeal, filed by Plaintiff, the mother of two minor children who were on a school bus when it struck a parked vehicle, is whether the trial court's award of $1,000 in damages to Plaintiff, $500 for each child, was inadequate. Finding no error, we affirm.
FACTS/PROCEDURAL BACKGROUND
On November 3, 2015, during an attempt to maneuver around a CenterPoint Energy truck and trailer parked on the side of the road in the 100 block of W. 86th *621 Street, the rear right tire of a Caddo Parish school bus driven by Arleene Davenport struck the left corner of the trailer. The tire deflated and the area of the bus behind the tire was slightly damaged. At the time of the accident, there was a video camera inside the bus which covered the interior of the bus and its passengers. The two minor sons of Plaintiff Shelly Hobley were passengers on the bus at the time of the accident. Plaintiff, on behalf of her sons Michael Holden, Jr., and Kaileb Holden, filed the instant action against Defendants, the Caddo Parish School Board and Arleen Davenport, alleging that the boys had been injured as a result of the collision.
A bench trial was held on December 6, 2017. The trial judge heard the testimony and reviewed the evidence, including the video from the bus, and rendered judgment in favor of Plaintiff as follows. Although finding that Ms. Davenport was negligent and at fault in causing the accident, the trial court concluded that the contact was so minimal that neither minor child suffered injuries anywhere close to the extent asserted by Plaintiff. The court then awarded Plaintiff damages of $500 on behalf of each boy, for a total award of $1,000. Plaintiff has appealed the trial court's judgment, urging that the judge erred by awarding inadequate general damages and failing to award the medical expenses incurred by her sons.
DISCUSSION
Both parties in their appellate briefs have addressed their arguments to this Court as if the trial court awarded Plaintiff, on behalf of her sons, general damages only and omitted an award for medical expenses. The trial court, in both its oral reasons for judgment and its judgment, explicitly stated that it was awarding $500 in damages (with no designation as to whether the damages were general damages, medical expenses, or a combination thereof) to Plaintiff for each minor child. These are therefore lump sum or in globo awards. See , Wilson v. State Farm Mutual Automobile Insurance Co. , 01-0482 (La. App. 3 Cir. 10/3/01), 796 So.2d 869.
The trial court is not required to itemize the damages it awards and does not err in awarding damages in globo . Gray v. Holiday Inns, Inc. , 99-1292 (La. App. 1st Cir. 6/23/00), 762 So.2d 1172. General and special damages such as medical expenses may be awarded in globo and such an award will not be set aside absent abuse of discretion. Johnson v. Henry , 16-0271 (La. App. 1st Cir. 10/31/16), 206 So.3d 916. When a judgment makes such an award, it is presumed to include all items of damages claimed. Bryan v. City of New Orleans, 98-1263 (La. 1/20/99), 737 So. 2d 696 ; Johnson , supra ; Wilson , supra . Therefore, our review of the lump sum awards will be as if each encompassed both general damages and medical expenses, and we will consider Plaintiff's argument to be that the lump sum awards are abusively low (and Defendants' argument to be that the trial court did not abuse its discretion).
In a suit for damages, it is the plaintiff's burden to prove the damage suffered as a result of a defendant's fault. Wainwright v. Fontenot , 00-0492 (La. 10/17/00), 774 So.2d 70 ; Brannan v. Wyeth Laboratories, Inc. , 526 So.2d 1101 (La. 1988). The plaintiff has the burden of proving a causal connection between the accident and any alleged injuries. Maranto v. Goodyear Tire & Rubber Co. , 94-2603 (La. 2/20/95), 650 So.2d 757 ; Goldsby v. Blocker Through Dept. of Transportation and Development , 51,584 (La. App. 2 Cir. 9/27/17), 244 So.3d 703 ;
*622 Lee v. Safeway Insurance Co. of Louisiana , 46,716 (La. App. 2 Cir. 12/9/11), 81 So.3d 113, writ denied , 12-0103 (La. 3/23/12), 85 So.3d 90. Proof must be by a preponderance of the evidence. Id. That burden is satisfied when the plaintiff proves through medical and lay testimony that it was more probable than not that the injury was caused by the accident. Id. Whether the accident caused the plaintiff's injuries is a factual question which should not be reversed on appeal absent manifest error. Green v. K-Mart Corp. , 03-2495 (La. 5/25/04), 874 So.2d 838 ; Goldsby , supra ; Lee , supra .
In the assessment of damages for personal injury, much discretion is left to the judge or jury. La. C.C. art. 2324.1. General damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitively measured in monetary terms. Kaiser v. Hardin , 06-2092 (La. 4/11/07), 953 So.2d 802 ; Ellis v. Brown , 50,690 (La. App. 2d Cir. 5/18/16), 196 So.3d 665. Before an appellate court can alter an award of general damages, it must find, through articulated analysis, that the trier of fact clearly abused its discretion. Even then the appellate court may not substitute its own opinion, but is confined to raising (or lowering) the award to the lowest (or highest) amount that would have been within the trial court's discretion. Guillory v. Lee , 09-0075 (La. 6/26/09), 16 So.3d 1104 ; Youn v. Maritime Overseas Corp. , 623 So.2d 1257 (La. 1993), cert. denied , 510 U.S. -114, 114 S.Ct. 1059, 127 L.Ed. 2d 379 (1994) ; Ellis , supra .
A plaintiff may recover past medical expenses incurred as a result of an injury due to the fault of another. Bruce v. State Farm Insurance Co. , 37,704 (La. App. 2d Cir. 10/29/03), 859 So.2d 296 ; Goldsby , supra . To recover medical expense, the plaintiff must prove that, more probably than not, the medical treatment was necessitated by the accident. Id. The defendant is liable only for those expenses that are related to the defendant's conduct. See , Wainwright , supra ; Ellis, supra. The trier of fact may disallow medical expenses that it reasonably finds to be unrelated to the accident. Guillory , supra ; Ellis , supra . In order to reverse or amend a trial court's award of special damages, the appellate court must find no reasonable basis for the trial court's factual conclusions, and that the award is clearly wrong. Id.
The following is excerpted from the trial court's meticulous oral reasons for judgment:
This incident occurred on November 3rd, 2015. Michael Holden and Kaileb Holden were passengers on a Caddo Parish School Board bus.... A truck with a trailer was in front of the Caddo Parish School Board bus at some point. It stopped, and it pulled over to park to apparently give [the driver of the bus] Ms. Davenport an opportunity to drive around the truck and trailer....
[A]t some point Ms. Davenport attempted to pass the truck and trailer that was parked on the side of the road. As she was attempting to pass the truck and trailer, her rear passenger outer tire made contact with a portion of the trailer that was hitched to the CenterPoint truck. That apparently caused that tire to puncture and to lose air. There was a video on board the Caddo Parish School Board bus, which gave a view from the front of the bus toward the back of the bus, and also another camera from the back of the bus giving a view from the back of the bus towards the front of the bus.
The Court viewed the video ... and replayed it multiple times. At the time that the contact took place the Court *623 made the following observations. First, before the actual contact took place, the bus appeared to be stopped ... [A]t some point Ms. Davenport began to attempt to pull around the stopped truck and trailer, she appeared to be driving at a very slow rate. I was watching the video and paying attention to the outside of the - looking through the windows to try to guesstimate how fast she was traveling, and it appeared that she was traveling at an extremely low speed....
I'm certainly no accident reconstruction expert, but one can make an observation, and it appeared that the bus was traveling at an extremely slow rate of speed. I also paid particular attention to where the Holden children were seated at the time of the actual contact.... [T]hey were located in the third seat on the passenger's side. One of the children appeared to be seated at the time that the contact actually took place, and the other child ... appeared to be standing on the aisle portion of the bench that the incident or the contact with the trailer took place. Another observation that I made is that the child who was standing and seated on the outside aisle portion of the bench had a large backpack that appeared to be full of books that he was wearing throughout the entire video that I observed....
I watched this portion of the video very carefully, rewound if a couple of times, and paid particular attention to the Holden children. They did not appear to be jostled around at all during the time that the bus was backing up from the trailer. At the time that the bus actually made contact with the trailer, it appeared that the child, the Holden child who was seated in the bench, and I think that's Kaileb, was the younger one, did not appear to be jostled much at all. The child who was standing up, who I think was Michael wearing the backpack, appeared that he might have been jostled ever so slightly. He was standing when the ... tire contacted the trailer. It appeared that he kind of leaned against the back portion of the second bench seat that was in front of him. He did not appear to be injured in any form or fashion on the video. After Ms. Davenport backed the bus up, again, it did not appear that the children were jostled around in any form or fashion. She backed the bus up very slowly and very carefully. At that point she stopped the bus. The children were all very noisy, standing up and laughing, joking, so on and so forth, but absolutely no one on the bus appeared to be injured in any way whatsoever.
At some point during the video the Holden children stood up from their seat. The one child, which I believe was Michael who was wearing the backpack, kind of danced around a little bit for a short moment. Again, [he] did not appear to be injured in any way whatsoever. I also paid particular attention to see if the children complained of any injuries, paying particular attention to the Holden children, and I did not see or hear any complaints from the Holden children at all concerning any injuries, nor did I see or hear any injuries complained of by any of the other children. I watched the video until the Holden children came to the front, gave their name to Ms. Davenport, and stepped off the bus. I paid particular attention as to whether they told Ms. Davenport that they were injured, or hurt, or anything of that nature, and they did not appear to make any indication whatsoever that they were injured. They appeared to be happy, fine, and did not appear injured in any manner whatsoever. I did hear them tell Ms. Davenport their names, and then they exited the bus ...
*624 The children reported to Dr. Zahn, a chiropractor, on the same date as the accident....The two children ... were released both on 05/24/2016; they both had ..., according to Dr. Zahn, cervical sprain /strain of the myofascial residuals traumatically induced, thoracic sprain /strain with myofascial residuals traumatically induced. Both of the children saw Dr. Togun on November 6, 2015. In her report it states ... the chief complaints, school bus accident ... midback pain, also well check, flu shot.... Dr. Togun did not request, according to the mother, for the children to return ... nor did Dr. Togun prescribe any medications for the children or any physical therapy.
So it is clear that a minor accident took place on November 3rd, 2015, as Ms. Davenport was operating the Caddo Parish School Board bus. She attempted to pull around a parked truck and a trailer that was stopped, and her passenger, rear outer tire on the bus made contact with the trailer hitched to the CenterPoint Energy truck. She did not properly negotiate that maneuver, and she was negligent for making contact with the trailer. So the first question is whether she was negligent in the accident, and the evidence shows that she was, because she did not properly negotiate the vehicle around the parked trailer.
The other question is whether any injuries took place during the incident. Again, the Court watched this video very, very carefully. I made - another observation that the Holden children were seated rather close to where the contact took place, they were in the third seat on the passenger's side, which is the side that the rear tire came in contact with the trailer. As I watched the video there appeared to be a, again, a very, very, slow, low impact. One of the Holden children was seated, I think that was Kaileb, and he did not appear to be jostled much, if any. The one that was standing was Michael, and he appeared to have just a slight jostle to him, which, in which he came in very minor contact with the seat in front of him. Again, after observing the video multiple times, neither of the children appeared to be injured much at all, if at all, to me....
The Court does not believe that these children were injured to the extent that Dr. Zahn's records indicate. There is a long history of these children going to Dr. Zahn. The mother testified that they have been to Dr. Zahn on multiple occasions for multiple accidents. The mother has been to Dr. Zahn for multiple times, for multiple accidents. Dr. Zahn did not come to testify, only his records were submitted, so he was not subject to cross-examination concerning any particulars about the children's alleged injuries and treatment....
The Court notes that the children were eight and nine years old at the time of the incident, and, again, it does not appear from watching the video very carefully and closely that there were any injuries. Michael Holden had a large backpack, which may very well account for some of his back pain. The backpack looked like it was loaded with a lot of books, and he had it on throughout the entirety of the video that I observed. So that may very well account for some of the back pain, if he had any....
There is some medical evidence that they may have suffered some very slight injuries. So the Court will find in favor of the plaintiff, Michael Holden in the amount of $500; and in favor of Kaileb Holden in the amount of $500. I want to emphasize that, again, I'm not a medical expert, but watching the video it was an *625 extremely small, slow impact. It did not appear that the children were injured. They did not complain of any injuries. I can't fathom how these children could have treated with Dr. Zahn for the period they did for any injuries that might have occurred from this accident. As the mother testified, they've been involved in many other accidents, or perhaps they have injuries from other things, such as carrying heavy backpacks on their back. But based on observations this Court made, I do not see that the children were injured severely at all. Giving them the benefit of the doubt, I will award the $500 to each of the children. But based on the observation of the video and ... very importantly, that the children didn't testify. They're certainly old enough to be able to come in and testify as to any injuries they might have sustained, but they were not called as witnesses to this trial . (Emphasis added). So for all those reasons, the Court will find in favor of the plaintiffs, Michael Holden and Kaileb Holden, in the amount of $500 each.
We have reviewed the record and exhibits in this case, including the video from the bus. The trial court, in its excellent oral reasons for judgment, classified Plaintiff's sons' injuries as "very slight," in keeping with the very minor, low-impact contact between the bus they were riding and the trailer parked on the side of the street. Given the extensive analysis of the evidence, and lack thereof, by the trial court in support of its very specific and detailed factual findings, we cannot say that the trial court abused its discretion in awarding $500 in damages to Plaintiff on behalf of Michael Holden, Jr., and $500 in damages on behalf of Kaileb Holden. Because they were involved in an accident, albeit a minor one, the boys were entitled to and justified in getting medical evaluations after the accident. See , Tacker v. Louisiana Farm Bureau Insurance Co. , 49,522 (La. App. 2d Cir. 11/26/14), 154 So.3d 718 ; Davis v. Sonnier , 96-515 (La. App. 3 Cir. 11/6/96), 682 So.2d 910. Plaintiff was charged $238 for each boy's initial medical visit to Dr. Zahn, which would leave the remainder of each $500 award ($262) as general damages under the rationale set forth in Bryan , supra ; Johnson , supra ; and, Wilson , supra .
CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to Plaintiff, Shelley Hobley, on Behalf of her Minor Children, Michael Holder, Jr., and Kaileb Holder.
AFFIRMED.