STATE of Iowa, Appellee,

v.

Pamela J. HENNENFENT, Appellant.

No. 91–1578.

Supreme Court of Iowa.

Sept. 23, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia J. Cone–Fisher, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., William E. Davis, County Atty., and Theodore Priester, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

In this single issue appeal, we must decide whether certain banks that made good on forged checks of their depositors are insurers and therefore not entitled to restitution under Iowa's victim restitution law. *See* Iowa Code §§ 910.1(1), 910.1(4) (1991). The district court concluded that the banks are victims, not insurers, and are therefore entitled to restitution. We agree and affirm.

From January 1989 through April 1990, Pamela J. Hennenfent worked as a legal secretary. In that capacity Hennenfent had certain bookkeeping responsibilities not only for the law office accounts of her employer but also for two businesses owned by the employer's wife. During this period, Hennenfent wrote numerous checks on the law office checking accounts payable to her. She forged her employer's signature on these checks and cashed them.

Hennenfent also wrote checks on the checking accounts of the two businesses owned by the employer's wife. Hennenfent forged the signature of the employer's wife on these checks and cashed them too.

For her actions, Hennenfent pleaded guilty to, and was convicted of, theft in the second degree. *See* Iowa Code § 714.2(2). The court sentenced Hennenfent to five years incarceration, put her on probation after suspending this sentence, and ordered her to pay restitution.

Later at a restitution hearing, Hennenfent took the position that she had no obligation to pay restitution under section 910.-1(1) to the banks who had made good on the checks she had forged. The district court disagreed and ordered her to pay restitution to these banks. This appeal by Hennenfent followed.

Our scope of review is for correction of errors at law. *See* Iowa R.App.P. 4.

Except in certain cases not relevant here, a sentencing court must order all convicted criminal defendants to pay restitution to the victims of their crimes. *See* Iowa Code § 910.2. Section 910.1(1) defines a "victim" as

a person who has suffered pecuniary damages as a result of the offender's criminal activities. *However, for purposes of this chapter, an insurer is not a victim and does not have a right of subrogation.*

Iowa Code § 910.1(1) (emphasis added).

Hennenfent's position is simple and straightforward: a bank is an insurer and so is not entitled to restitution. In support of her contention, she asserts banks are in the business of insuring that a depositor's

money will be handled appropriately. In making this assertion, Hennenfent relies on Iowa Code section 554.4406 (Iowa's uniform commercial code). This section obligates a bank to make good the amounts charged to a depositor's account because of forged checks. The bank has a defense if the depositor does not exercise reasonable care and promptness in examining bank statements and canceled checks for forgeries. *See* Iowa Code § 554.4406. In this context, Hennenfent insists banks are insuring their customers against loss.

We reject this broad definition of the word insurer in section 910.1(1). Because the legislature left the word insurer undefined, we think it intended the word to have its ordinary meaning. *Hope Evangelical Lutheran Church v. Iowa Dep't of Revenue & Fin.*, 463 N.W.2d 76, 84 (Iowa 1990). This ordinary meaning is found in Black's Law Dictionary which defines insurer as

> [t]he underwriter or insurance company with whom a contract of insurance is made. The one who assumes risk or underwrites a policy, or the underwriter or company with whom [a] contract of insurance is made.

Black's Law Dictionary 808 (6th ed. 1990). The same dictionary defines insurance as

> [a] contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils. The party agreeing to make the compensation is usually called the "insurer" or "underwriter;" the other, the "insured" or "assured;" the agreed consideration, the "premium;" the written contract, a "policy;" the events insured against, "risks" or "perils;" and the subject, right, or interest to be protected, the "insurable interest."

Black's Law Dictionary 802 (6th ed. 1990).

Although the legislature could have allowed insurance companies to recover restitution under chapter 910, we think—as one court decided—there is a rational reason the legislature did otherwise:

> [Insurance companies] are in the business of insuring against anticipated risks, and they derive profit by assuming such risks. Insurers, unlike victims of crime, have voluntarily contracted to assume liability for damage or loss arising out of criminal misconduct.

*State v. Stanley*, 79 N.C.App. 379, 383, 339 S.E.2d 668, 671 (1986) (upholding against equal protection challenge criminal restitution statute precluding third-party indemnitors from recovering restitution).

Under our cited definitions of insurer and insurance, the banks in this case are clearly not insurers. They are not in the business of insuring against anticipated risks, and they are not compensated for assuming such risks. Nor did they voluntarily contract with Hennenfent's employer or his wife to assume liability for the damages arising out of Hennenfent's criminal misconduct.

Contrary to Hennenfent's argument, section 554.4406 does not make a bank an insurer. The statute merely places responsibility for a loss from a forged check on that party who is in the best position to avoid it.

We conclude that the banks in this case are entitled to restitution because under section 910.1(1) they are victims, not insurers. Because the district court reached the same conclusion, we affirm.

AFFIRMED.